INHABITANTS OF GRANVILLE *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

A highway was located by county commissioners and ordered by them to be constructed on or before a certain date. After the expiration of two years from that date, the road not having been constructed, nor possession taken of the land for the purpose, nor damages paid or tendered to the land owners, but none of the land owners objecting to the construction of the road according to the original location, the county commissioners, after due proceedings, made a new location substantially corresponding with the old one, except near one end, where there was a variation, but the points of termination were unchanged. *Held*, that these facts afforded no ground for a writ of *certiorari* to quash the proceedings of the commissioners concerning the new location.

PETITION for a writ of *certiorari* for the purpose of quashing certain proceedings of the county commissioners of Hampden concerning the re-location of a highway in Granville.

At the hearing before *Bigelow*, C. J., it appeared in evidence that the commissioners located the road on August 23, 1861, and ordered it to be constructed on or before July 1, 1862, and that it had never been constructed, nor had the land been taken into possession for the purpose, nor had damages been paid or tendered to the land owners; but it did not appear that any of these land owners objected to the construction of the road according to this original location.

It further appeared that on September 22, 1865, certain inhab-

itants of Granville petitioned the commissioners, setting forth the default in the execution of the order, alleging that the location had become void under St. 1862, *c.* 203, and praying that the road might be " relayed and constructed, according to law;" and that, " after due proceedings," the commissioners, on December 30, 1865, made a new location of the road substantially corresponding with the old one, except near one end, where there was a variation of fifteen or twenty rods, but the points of termination were unchanged.

The petition was reserved by the chief justice for consideration by the full court.

*H. Fuller*, for the petitioners. If the first location is discontinued it must be by act of the land owners, as in respect to all other persons the law remains the same as before St. 1862, *c.* 203. See *Harrington* v. *County Commissioners*, 22 Pick. 263; Rev. Sts. *c.* 24, § 11; Gen. Sts. *c.* 43, § 14. The clause, " as against the land owners," in St. 1862, *c.* 203, means, when in opposition to the wishes of the land owners. But the commissioners do not adjudicate that the first location is void by reason of such opposition, and no such opposition whatsoever appears in the case. *Commonwealth* v. *Coombs*, 2 Mass. 493. *Commonwealth* v. *Cambridge*, 7 Mass. 164.

*H. Morris*, for the respondents. By the true construction of St. 1862, *c.* 203, the first location had become void in 1865 as to the owners of the land over which it was made. But, whether it was void or not, the commissioners had power to relay in 1865; especially if they desired to make an alteration, as was the fact. Gen. Sts. *c.* 43, § 12.

FOSTER, J. If the location made in 1861 became void by the operation of St. 1862, *c.* 203, no objection can be made to the new location. If it remained valid, we fail to perceive any legal injury produced by the re-location. If it was deemed doubtful whether the original location had or had not become inoperative, we are aware of no objection to a new laying out. *Quâcunque viâ datâ*, the petitioners have sustained no substantial injury, and a petition for a *certiorari* is always addressed to the discretion of the court. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Petition dismissed with costs.*